UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOMER L. RICHARDSON,                            Case No. 1:16-cv-554

       Plaintiff,                               Dlott, J.
                                                          Bowman, M.J.

   v.

LAW OFFICES OF DANIELS, NORELLI, SCULLY
& CECRE, P.C., et al.,

       Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*,[1] paid the requisite filing fee and initiated this litigation on May 17, 2016, alleging that the Defendants violated the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), and the Ohio Consumer Sales Protection Act (OSPA). Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation on any dispositive motions. After answering the complaint, the Defendants jointly moved for judgment on the pleadings. Defendants' motion should be granted.

---

[1]Plaintiff has appeared as a pro se plaintiff, as a pro se petitioner, and as a pro se defendant in other litigation in this Court, as well as through counsel in both civil and criminal matters. *See, e.g.*, Case No. 1:03-cv-96, Case No.3:02-cv-481; Case No. 1:00-mc-09; Case No. 1:05-cr-45; Case No. 1:08-cr-118; Case No. 1:12-cv-694. One of Plaintiff's prior cases; Case No. 1:12-cv-664, appears to have involved similar civil claims, but that case was dismissed for failure to prosecute.

**I.      Background**

Plaintiff's complaint seeks monetary damages from two Defendants under the FDCPA, the FCRA, and the OSPA.  The identified Defendants are a New York law firm and one of its individual members, Meredith E. Unger.[2]  All of the following allegations are drawn from Plaintiff's complaint, and are assumed to be true solely for the purpose of the pending motion.

Plaintiff alleges that beginning in June of 2013, the Defendant law firm contacted Plaintiff by telephone and by letter in an attempt to collect a credit card debt for its client.  Plaintiff alleges that he and the law firm exchanged communications concerning the alleged debt in June and July of 2013, with additional written communications dated February, March, and April of 2014.   On August 26, 2014, Plaintiff received a notice from the law firm that its "client has authorized a settlement on your account."  (Doc. 1 at ¶24, PageID 4).  Plaintiff responded by letter dated May 6, 2015, inquiring about the terms of the settlement.  On May 20, 2015, the law firm informed Plaintiff that to consummate the settlement, "A payment of $3,000.00 must be received by this office on or before May 29, 2015."  (*Id.* at ¶26, PageID 5).  In addition to the referenced correspondence, Plaintiff alleges that the law firm obtained his consumer credit reports on July 2, 2013, August 25, 2014, December 22, 2014 and May 19, 2015 "with no permissible purpose."  (*Id.* at ¶36, PageID 6).

Plaintiff alleges that he followed up with final correspondence directed to the law firm dated June 18 and September 17, 2015, but that the Defendants did not respond to those two letters.  He alleges that the Defendants' actions between "July 3, 2013 …until

---

[2]Plaintiff initially sued a second lawyer, William Sung, but later voluntarily dismissed that individual.

2

the time Defendants made the settlement offer" on May 20, 2015 have caused him financial harm, "resulting in a reduction of his credit score, cancellation of credit cards, credit delays, inability to apply for credit, loss of use of funds, mental anguish, emotional distress, humiliation, a loss of reputation and expenditures for fees and costs." (*Id.* at ¶¶ 37-38).

Plaintiff has articulated six claims based upon the actions taken by Defendants from June or July of 2013 through May 20, 2015. In Count I, Plaintiff's complaint alleges that Defendants are debt collectors who violated the FDCPA by "falsely representing the character, amount, or legal status" of the alleged debt, by "communicating or threating [sic] to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," and through "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." In Counts II-V, Plaintiff alleges that the Defendants' communications violated the FDRA when Defendant law firm "obtained the TransUnion consumer credit report for Plaintiff with no permissible purpose" on four dates. In Count VI, Plaintiff alleges that Defendants violated the OCSPA by "claiming[,] attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate." Plaintiff alleges that Defendants' alleged FDCPA violations are "automatically" violations of the OCSPA. Plaintiff further alleges in County VI that Defendants "knowingly made a misleading statement or opinion on which Plaintiff was likely to rely to Plaintiff's detriment."

3

**II.     Analysis**

    **A.  Standard of Review**

The standard for a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir.1987). When ruling on a defendant's Rule 12(c) motion, a district court "must construe the complaint in the light most favorable to the plaintiff [and] accept all of the complaint's factual allegations as true." *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 512 (6th Cir.2001) (citations omitted). In ruling on a motion for judgment on the pleadings, a court may not consider material outside of the pleadings. Fed.R.Civ.P. 12(c); *see also Hickman v. Laskodi,* 45 F. App'x 451, 454 (6th Cir.2002).

Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*,

478 U.S. 265, 286 (1986)). A complaint need not contain "detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

### B. Plaintiff's Responses in Opposition to Defendants' Motion

Defendants filed their motion for judgment on the pleadings on September 12, 2016. Under the rules of civil procedure, Plaintiff was entitled to file one responsive memorandum in opposition to Defendants' motion. Plaintiff has filed a total of four documents, including a motion to strike, that could be viewed as successive responses to Defendants' motion for judgment on the pleadings. In light of Plaintiff's *pro se* status and the fact that dismissal of his claims is recommended, the undersigned has generously considered three of the four responses.

The only document not considered is an "affidavit with exhibits" that Plaintiff filed in support of his claim on October 3, 2016, which was docketed as a "complaint affidavit and exhibits in support of claim." (Doc. 15). In a later filed "supplemental memorandum," Plaintiff clarifies that this particular affidavit and exhibits were <u>not</u> intended to be a response in opposition to the pending motion for judgment on the pleadings, but instead were intended to "support" the claims presented in his original complaint. (Doc. 19 at 2, PageID 224).

5

There is no procedural mechanism by which it would be appropriate for the Court to consider Plaintiff's tendered evidentiary "support" of his previously filed complaint. Nor will the Court construe the documents as a newly amended complaint, since an amended complaint may not be filed without leave of Court. Thus, the undersigned declines to further consider the "affidavit and exhibits" filed on October 3, 2016.

On October 11, 2016, Plaintiff filed a second document that is more responsive to Defendants' pending motion for judgment on the pleadings, despite being captioned as a "motion to strike" the Defendants' motion. (Doc. 17). Defendants filed a response in opposition to Plaintiff's motion to strike, to which Plaintiff filed a reply on November 17, 2016. (Doc. 21). Plaintiff confirms in a later-filed memorandum that he intended his October 11 "motion to strike" to be his response in opposition to Defendants' motion for judgment on the pleadings. (Doc. 19 at ¶5, PageID 224).

In the motion to strike, Plaintiff argues that this Court should deny Defendants' motion for procedural reasons, because it is not supported "with any deposition, admission or affidavit…." (Doc. 17 at 3, PageID 203). As discussed above, review of the pending motion under Rule 12(b)(1) and Rule 12(c) is limited to the pleadings. In contrast to review of a dispositive motion filed under Rule 56, the submission of evidence is neither required nor generally appropriate to support a motion for judgment on the pleadings. Plaintiff makes additional arguments in favor of striking the Defendants' motion, which - while difficult to follow – appear to be equally without merit.[3]

---

[3]In addition to confusing the differing standards applicable to review of a motion filed under Rule 12(c) and a motion filed under Rule 56, Plaintiff repeatedly (and mistakenly) describes Defendants' motion as a

6

The fourth document filed by Plaintiff that appears responsive to Defendants' motion for judgment on the pleadings was filed on October 20, 2016, captioned as a "response and reply" to Defendants' motion, and docketed as a "Supplemental Memorandum" in opposition. (Doc. 19). In his supplemental response, Plaintiff raises an additional procedural objection to Defendants' motion for judgment on the pleadings. Specifically, he asserts that Defendants' motion is procedurally improper because such a motion cannot be filed "until the pleadings are closed." (Doc. 19 at 3, PageID 225). However, the record flatly refutes Plaintiff's contention that Defendants' motion is somehow prematurely filed or procedurally improper. Defendants filed an Answer prior to filing the Rule 12(c) motion and no counterclaims or crossclaims have been filed.[4] (See Docs. 7, 12).

### C. The Merits of Defendants' Motion

Having rejected the procedural defenses presented by Plaintiff, the Court turns now to the merits of Defendants' motion for judgment on the pleadings.

### 1. Statute of Limitations Defenses

Defendants persuasively argue that most of Plaintiff's claims are time-barred, and that they are entitled to judgment on the pleadings for those claims. The FDCPA requires claims to be brought "within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d). Plaintiff filed his complaint on May 17, 2016. The dates on which Plaintiff alleges that the Defendants violated the FDCPA are all outside

---

motion for default judgment under Rule 55.

[4]Plaintiff relies upon rules of procedure that permit the filing of an answer to a counterclaim before pleadings are deemed to be closed. Because Defendants' Answer does not include any counterclaims against Plaintiff, the pleadings are closed.

7

the applicable one-year statute of limitations, with the exception of the May 20, 2015 letter.

Attached to Defendants' answer are copies of the correspondence that Plaintiff references in his complaint. (See Doc. 7-1). A court may grant judgment on the pleadings on a statute of limitations defense where it is apparent from the face of the complaint that the action was not brought within the statutory period. *See Phelps v. McClellan,* 30 F.3d 658, 662 (6th Cir.1994); *see also Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir.1978) (Rule 12(b) motion to dismiss granted only where complaint shows that action is time-barred). Here, it is clear from the face of the pleadings that all of Defendants' communications prior to the May 20, 2015 letter fall outside the applicable statute of limitations for the FDCPA. Thus, nearly all discrete "violations" about which Plaintiff complains are time-barred under the FDCPA. Only the Defendants' final letter of May 20, 2015 falls within the statute. *Accord Purnell v. Arrow Financial Servs.*, LLC, 303 Fed. Appx. 297, 301 (6th Cir. 2008); *see also generally Fryer v. CitiFinancial, Inc.*, 2012 WL 592172 at *4 (S.D. Ohio Feb. 23, 2012)(citing *Ruth v. Unifund CCR Partners*, 604 F.3d 908 (6th Cir. 2010)).

Plaintiff does not dispute that nearly all of his FDCPA claims are barred by the relevant statutes of limitations. Plaintiff's claims under the OCSPA are entirely derivative of his FDCPA claims. Although the OCSPA has a longer two-year statute of limitations, the parallel state law still bars any claim concerning any communications allegedly made by Defendants prior to May of 2014.

## 2. Failure to State a Claim Under the FDCPA

In addition to their statute of limitations defenses, Defendants argue that the complaint fails to state any claim under the FDCPA, because Plaintiff has failed to allege any factual content that would support his otherwise conclusory assertions.

### a. Consideration of Documents Attached to Pleadings

For the reasons stated, only the May 20, 2015 letter could support an FDCPA claim that is not time-barred.  In support of that single claim, Plaintiff alleges that the May 20, 2015 letter was in response to Plaintiff's inquiry "about the terms of settlement." (Doc. 1 at ¶25).  Although Plaintiff quotes only two sentences from the letter, a full copy is attached as an exhibit to Defendant's Answer.  At the top of the letter is the name of the Original Creditor (identified as Fifth Third Bank) as well as the name of the current creditor, identified as "CACH, LLC as assignee of Fifth Third Bank."   An Account number, file number and current balance ($5,630.31) are also listed.  The narrative portion of the letter reads as follows:

> Dear Sir/Madam:
>
> This confirms your conversation with this office on May 20, 2015 that resulted in the settlement of this claim as follows:
>
> A payment of $3,000.00 must be received by this office on or before May 29, 2015.
>
> Your payment must be made to the order of Daniels Norelli Scully & Cecere, P.C., as attorneys for CACH, LLC, and they will be made via check by phone, using the bank information you provided.
>
> If the payment is not made in accordance with the terms of this letter, the total current balance shall be due.

9

>  Upon receipt and clearance of the payment, the account will be considered Settled in Full.
>
>  If you have any questions, please contact Stephanie Butler at 888-332-3306.  Thank you for your cooperation in this matter.

The letter bears the signature of William Sung, an individual previously dismissed by Plaintiff as a Defendant in this case.  Below Mr. Sung's signature is the statement: "This is an attempt to collect a debt and any information obtained shall be used for that purpose." (Doc. 7-1, Exhibit H, PageID 65).

Defendants argue that they are entitled to judgment as a matter of law, because the May 20, 2015 letter accurately states the original creditor, the original account number, the current creditor, the current file number, the current balance, and the settlement amount.  Defendant offers, as additional proof, the prior documentation provided to Plaintiff sent in response to Plaintiff's written request for validation of the debt.  Arguably, all of the referenced correspondence may be considered by this Court in the context of the pending motion because it is directly referenced in Plaintiff's Complaint, with copies attached to the Defendants' Answer.

Plaintiff has failed to identify any false statement or information contained in the May 20, 2015 letter that could support any claim under the FDCPA.  Instead Plaintiff has alleged only that Defendants violated the FDCPA, listing the elements of a statutory cause of action and the legal conclusion that the Defendants are liable, but without alleging any factual detail that would allow this Court to draw a reasonable inference that either Defendant is liable for any statutory violation.  In the correspondence attached to the Defendants' Answer in which he requests additional information about

10

the debt, Plaintiff advises Defendants that "this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act…that your claim is DISPUTED and VALIDATION is required." He further states that it "is not now, nor has it ever been, my intention to avoid paying any obligation that I lawfully owe…." (Doc. 7-1, PageID 45). Defendants' correspondence to Plaintiff purports to be responsive to his request for Validation of the debt. (*Id.*, PageID 47-54).

In his motion to strike, Plaintiff asserts that Exhibit D "is not authenticated and there is no signature on this Fifth Third Bank credit card agreement to verify that [Plaintiff] had a contract with Fifth Third Bank…[that] CACH, LLC owns." (Doc. 18 at 4, PageID 204). Plaintiff argues that Exhibit D "is a bogus instrument" since it is not authenticated, and "fails to prove CACH, LLC is the owner of a contract in which Richardson consented to pay a sum of money." (*Id.*). However, notwithstanding Plaintiff's carefully worded argument placing the onus on Defendants, it remains <u>Plaintiff's</u> burden to plead sufficient factual content under Rule 8 to support his claims. Here, the complaint itself is devoid of <u>any</u> allegations or reasonable inference: (1) that Plaintiff is not in fact a party to the referenced Fifth Third Bank credit card agreement; or (2) that CACH LLC is not in fact a valid assignee of that account. As explained herein, Plaintiff's complaint also fails to include any other factual content that would support a claim under the FDCPA.

Although whether the complaint states a valid FDCPA clam in the context of the pending motion (prior to any discovery) is a relatively close issue, the correspondence referenced in the Complaint and attached to the Defendants' Answer lead the

11

undersigned to conclude that Plaintiff neither has alleged nor could allege that any of the facts presented in the May 20, 2015 letter are false, misleading, or deceptive in violation to the FDCPA. In the absence of any <u>factual</u> allegations by Plaintiff that either Defendant misrepresented the character, amount, or legal status of the debt, in contrast to formulaic legal conclusions that the Defendants made <u>unspecified</u> misrepresentations or false statements, the Defendants should not be required to proceed through discovery.

Rule 8 exists in part so that Defendants are not put to the task and expense of disproving through costly litigation facts that Plaintiff has not even alleged in his complaint. A court "should not assume facts that were not pled." *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 328 (6th Cir. July 6, 2006) (affirming dismissal of FDCPA claims, where the plaintiff did not admit or deny the existence of the underlying debt, and did not allege any false representations or that the debt collector's claims were false); *Deere v. Javitch, Block, and Rathbone, LLP*, 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006)(dismissing FDCPA claims against law firm pursuing debt on behalf of client based upon plaintiff's theory that "more of a paper trail should have been in the lawyers' hands," because "[t]he FDCPA imposes no such obligation.").

Plaintiff also has failed to offer any factual support for his bald assertion that Defendants communicated or threatened to communicate credit information which is known or should be known to be false, and/or used deceptive means to collect a debt. Simply asserting a violation of the statute without <u>any</u> factual support is insufficient to

12

state a claim. Therefore, viewed under the liberal standards applied to pro se pleadings, Plaintiff's complaint fails to state a claim under the FDCPA.

### b. Alternative Recommendation

As discussed above, the undersigned would grant Defendants' motion for judgment on the pleadings based upon a review of the pleadings themselves, including correspondence that Plaintiff has referenced in his complaint and those attached by Defendants to their Answer. To the extent that a reviewing court declines to consider the exhibits attached to Defendants' Answer in the context of the pending motion, the undersigned alternatively would recommend only partially granting the motion for judgment on the pleadings, for FDCPA and OCSPA claims that are clearly time-barred, and for all FCRA claims. Otherwise, the undersigned would recommend partial denial of the motion for the few FDCPA and OCSPA claims that are not time-barred, without prejudice to re-file a dispositive motion under Rule 56 following a short period of limited discovery.

### 3. Failure to State a Claim Under the OCSPA

Similar to the FDCPA claims, the OCSPA claims allege violations of O.R.C. §§ 1345.02(A) and 1354.03(B)(6) based upon allegations that Defendants made unspecified misleading statements during the course of the attempted debt collection. Plaintiff has not alleged how the statutes were violated, simply that they were violated. Thus, once again Plaintiff has couched a legal conclusion as if it were a factual allegation. Other than vaguely alleging that the Defendants made misleading statements, the complaint is bereft of any factual allegations to support such a claim.

To the contrary, Plaintiff's claims appear to be directly contradicted by the correspondence attached to the pleadings, which show a clear conveyance of all relevant information required by statute that pertains to the account. Thus, Plaintiff's bare assertions that the Defendants violated the referenced statutes fail to meet the pleading requirements of this court.

In the alternative, because this Report and Recommendation recommends the dismissal of all federal law claims, the undersigned would decline to exercise jurisdiction over any related state law claims. *See Hankins v. The Gap, Inc.,* 84 F.3d 797, 803 (6th Cir.1996).

### 4. The FCRA Claims

Plaintiff has failed to articulate sufficient factual content to support any claim under the FCRA. Plaintiff alleges that Defendants violated the FCRA when they accessed his TransUnion credit report on four separate occasions: July 2, 2013, August 25, 2014, on December 22, 2014, and on May 19, 2015. However, he offers no additional allegations to support his claims. Instead, the claims appear to rest upon Plaintiff's mistaken belief that his credit report could be accessed by Defendants only if he sought credit from Defendants. (*See* Doc. 1 at ¶ 51, alleging that Plaintiff "has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit" from Defendants). Plaintiff alleges that Defendants are debt collectors

14

(*see, e.g.*, Doc. 1 at ¶41).[5] The correspondence attached to Defendants' Answer confirms that the law firm's communications are made for the purpose of debt collection.

Under 15 U.S.C. § 1681b(a)(3)(A), a credit report may be furnished to any person who intends to use the information in the "collection of an account" of the consumer. This has been interpreted by the Sixth Circuit to apply directly to the collection of debt. *Duncan v. Handmaker*, 149 F.3d 424, 427 (6th Cir. 1998). When a law firm accesses a credit report in an attempt to collect the debt, "the attorney is likely to procure the consumer report for a purpose analogous to those enumerated in § 1681b." *Id.* at 428. In short, Plaintiff's allegations fail to state any claim under the FCRA, because the allegations support the authority of Defendants to obtain Plaintiff's credit reports as agents of a debt collector under 15 U.S.C. § 1681b(a)(3)(A).

### III. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT Defendants' motion for judgment on the pleadings (Doc. 14) be GRANTED, that Plaintiff's motion to strike (Doc. 17) be DENIED, that judgment be entered in favor of the Defendants, and that this case be CLOSED. In the alternative, IT IS RECOMMENDED that Defendants' motion be GRANTED IN PART as to all time-barred claims under the FDCPA and OCSPA, and as to the FCRA claims, but that the motion otherwise be denied without prejudice to re-file a dispositive motion on the same grounds following a short period of discovery.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[5]In his motion to strike Plaintiff argues that this court should distinguish between a debt collector and an attorney representing creditor (here CACH, LLC). However, *Duncan* does not support such a distinction.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

HOMER L. RICHARDSON,

    Plaintiff,

v.

LAW OFFICES OF DANIELS, NORELLI, SCULLY
& CECRE, P.C., et al.,

    Defendants.

Case No. 1:16-cv-554

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

16